IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHARMA FUNDING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1731-N-BN |
| | § | |
| VERDE PHARMACY & MEDICAL | § | |
| SUPPLY LLC and OSARU OKORO, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendants' counsel Shayan Elahi has filed a Motion to Withdraw as Counsel of Record for Defendants Verde Pharmacy LLC and Osaru Okoro. *See* Dkt. No. 32. The Court entered the following order setting a hearing and directing service by Defendants' counsel on Defendant Osaru Okoro:

> ELECTRONIC ORDER: A hearing on [32] Defendants' counsel's Motion to Withdraw as Counsel of Record for Defendants Verde Pharmacy LLC and Osaru Okoro is set for Monday, January 10, 2022, at 2:00 p.m., Central Standard Time, in Courtroom 1561, 15th Floor, 1100 Commerce Street, Dallas, Texas 75242. Plaintiff's counsel, Defendants' counsel, and Defendant Osaru Okoro must appear in person at the hearing. Defendants' counsel must, by Monday, December 27, 2021, cause a copy of this Electronic Order to be served on Defendant Osaru Okoro and then file a certificate of service. (Ordered by Magistrate Judge David L. Horan on 12/22/2021) (mcrd) (Entered: 12/22/2021)

Dkt. No. 36.

The Court held a hearing on January 10, 2022 and ordered that Plaintiff's counsel, Defendants' counsel, and Defendant Osaru Okoro must appear in person. *See* Dkt. No. 36. Plaintiff's local counsel and Defendant Osaru Okoro appeared in

person for the hearing on January 10, 2021, and, with the Court's permission, Plaintiff's out-of-state counsel appeared by phone. But Defendants' counsel did not appear as ordered due to a calendaring error. *See* Dkt. No. 37.

The Court reset the hearing to January 14, 2022 at 10:00 a.m. over Zoom and again required that Plaintiff's counsel, Defendants' counsel, and Defendant Osaru Okoro must personally appear (over Zoom) for the hearing. *See* Dkt. No. 38. Plaintiff's counsel, Defendants' counsel, and Defendant Osaru Okoro appeared over Zoom as ordered. Part of the hearing was conducted ex parte and in camera between the Court and only Defendants' counsel and Defendant Osaru Okoro, to protect Defendants' attorney-client privilege and work product protections.

In the motion to withdraw, Defendants' counsel reports that, "[d]ue to various irreconcilable differences and potential conflict regarding legal strategy between Defendant and his Counsel, Defendant can no longer be represented by Counsel and his law firm"; "[d]espite the best attempts by all parties, they have been unable to resolve these differences in opinions as to the appropriate legal strategy"; "[r]egretfully, the undersigned counsel has no alternative to filing this motion" and, "[a]ccordingly, Counsel moves to withdraw"; and "[c]ounsel has sought authorization of the clients but has not gotten a response as of the filing of this Motion." Dkt. No. 32 at 1.

Attorneys may not withdraw as counsel of record until certain requirements are satisfied. Ultimately, the question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial]

court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation and quotation marks omitted).

The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.* The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").

A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case. "If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. This is especially true where, as here, an attorney seeks to withdraw over his client's objection." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted).

Even if "good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Denton v. Suter*, No. 3:11-cv-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). Thus, courts typically consider a number of other factors when determining whether to allow an attorney to withdraw. *See id.*; *White*, 2010 WL 2473833, at *2-*3. Chief among these factors are "undue delay in the proceedings, prejudice to the client, and

the interests of justice." *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-cv-472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 634 F.2d at 882; *Honda Power Equip., Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)); *see also White*, 2010 WL 2473833, at *3 (explaining that these factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice").

Plaintiff filed a Notice of Non-Opposition to Counsel for Defendants' Motion to Withdraw, explaining:

> Plaintiff Pharma Funding, LLC ("Pharma") hereby gives notice of its non-opposition to Counsel for Defendants' Motion to Withdraw as Counsel of Record for Defendants Verde Pharmacy & Medical Supply, LLC and Osaru Okoro (Plaintiff's "Notice of Non-Opposition"), and states:
>
> 1. On June 30, 2020 , this case was filed [ECF. 1].
>
> 2. On January 15, 2021, this this Court entered a Final Judgment of this this cause, following Defendants' continuing default [ECF 19].
>
> 3. On July 1, 2021, this Court granted Defendants' Motion to Vacate Final Judgment [ECF. 24]. On July 23, 2021, this Court entered a Scheduling Order [ECF. 27].
>
> 4. On August 16, 2021, Defendants filed a Motion to Plaintiff's causes of action [ECF. 29]. Plaintiff responded on September 3, 2021 [ECF. 30]. This motion remains pending.

5. The Parties agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) on or before September 10, 2021. Plaintiff served Defendants with its initial disclosures on September 8, 2021. However, to date, Plaintiff has not received Defendants' initial disclosures.

6. On September 20, 2021, Counsel for Defendants notified Counsel for Plaintiff his intention to withdrawal as counsel for Defendants from this case. Shortly thereafter, Counsel for Plaintiff received notification of Counsel for Defendants' Motion to Withdraw [ECF. 32].

7. On September 23, 2021, Counsel for Plaintiff notified Defendants' Counsel that he had had no opposition to the Motion to Withdraw on the express condition that the withdrawal is not final prior to the filing of the Parties' stipulation regarding the exchange of initial disclosures under Federal Rule of Civil Procedure 26. The email communication is attached hereto as Exhibit "A".

8. On September 24, 2021, Counsel for Plaintiff filed the Parties' joint stipulation for the exchange of initial disclosures.

9. Plaintiff files this notice to this Court to state that Plaintiff is not in opposition to Counsel for Defendants' Motion to Withdraw.

10. Plaintiff further notes that that the Motion to Withdraw provides that there are no court dates set in this matter and no scheduling order is currently pending.

11. As stated above, above, a scheduling order was issued by this Court on July 23, 2021. This case is set for trial on July 25, 2022, and discovery closes on April 26, 2022, with various upcoming deadlines prior to the close of discovery.

12. As of the filing date of Plaintiff's Notice of Non-Opposition, Plaintiff has not received Defendants' initial disclosures. Additionally Defendants have not filed an Answer in this case, despite Defendants' representations that it would do so, and there have been no further communications from Defendants.

....

This Notice of Non-Opposition serves as Plaintiff's notice to this Court that it does not oppose Counsel for Defendants' Motion to

Withdraw. Plaintiff also notes that Defendants' Motion to Dismiss is ripe for determination, as Defendants have made no effort to provide their initial disclosures or otherwise respond in this case. Because Defendants have not filed an Answer and are in default, the Court should re-enter the Final Judgment [EFF 19] that it previously vacated, permitting Defendants to delay this matter for months.

Dkt. No. 34 at 1-3. During the Zoom hearing, Plaintiff's counsel also represented that Plaintiff may again be moving for a default judgment.

Finally, a withdrawing attorney in this district must also comply with Northern District of Texas Local Civil Rule 83.12. *See Denton*, 2013 WL 5477155, at *1. Where, as here, "the identity of the succeeding attorney is not known," Local Civil Rule 83.12 mandates that "the withdrawing attorney must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) 'either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature.'" *Id.* (quoting N.D. TEX. L. CIV. R. 83.12(a)) (brackets in original).

Here, Defendants' counsel's motion does not comply with all of Local Civil Rule 83.12(2)'s requirements other than to note that he has sought authorization of his clients but has not gotten a response as of the filing of the motion to withdraw. But the Court was able to obtain contact information from Mr. Okoro on the record during the Zoom hearing.

For the reasons that Defendants' counsel explained during the Zoom hearing, and without opposition from Plaintiff or Mr. Okoro after the ex parte and in camera

discussion with the Court, Mr. Okoro, and Defendants' counsel, the Court finds the required good cause to permit Defendants' counsel leave to withdraw and finds that withdrawal is appropriate even considering the extent to which Defendants' counsel's withdrawal will delay or disrupt the case and the length of time for which the case and Defendants' own dispositive motion has been pending.

Accordingly, the Court GRANTS the Motion to Withdraw as Counsel of Record for Defendants Verde Pharmacy LLC and Osaru Okoro [Dkt. No. 32] and grants leave for Defendants' counsel Shayan Elahi and his firm to withdraw as counsel for Defendants Verde Pharmacy & Medical Supply LLC and Osaru Okoro in this case, effective immediately.

The Clerk of the Court is directed to update the contact information for Defendant Osaru Okoro on the docket as follows:

> 2929 North Galloway Avenue, Suite 116
> Mesquite, TX 75150
> 817/937-6413
> rph@verdepharmacy.com

The Clerk of the Court is also directed to email a copy of this Memorandum Opinion and Order to Defendant Osaru Okoro at rph@verdepharmacy.com.

As an individual, Defendant Osaru Okoro is permitted to proceed pro se in this action and will do so going forward unless and until new counsel of record makes an appearance on his behalf. *See* 28 U.S.C. § 1654.

But Defendant Verde Pharmacy & Medical Supply LLC's counsel's withdrawal from this litigation has other implications for this case's progress going forward.

Defendant Verde Pharmacy & Medical Supply LLC reportedly is a limited liability company, see Dkt. No. 1 at 2, and, insofar as it is neither an individual nor a sole proprietorship, this defendant is not permitted to proceed pro se or through a non-attorney but rather must be represented by an attorney in litigation in federal court, *see M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010). "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). This applies to limited liability companies.

Accordingly, the Court ORDERS that Defendant Verde Pharmacy & Medical Supply LLC must cause new counsel to enter an appearance on its behalf in this case by no later than **Friday, February 18, 2022**. And Defendant Verde Pharmacy & Medical Supply LLC is warned that a failure to hire counsel to represent it by this deadline may result in appropriate measures, including possibly striking its defenses and entering a default judgment against it. *See Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-cv-2950-N, 2014 WL 6901201 (N.D. Tex. Dec. 8, 2014); *Adonai Communications, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997). Ultimately, "the appropriate measure for a judge to take when confronted with an unrepresented

corporation [or limited liability company] is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

As the Court explained during the Zoom hearing, the Court will also abate all pretrial deadlines in this case during this time period in which Mr. Okoro is seeking new counsel to represent both defendants and order that, **15 days after the entry of an appearance of new counsel for Defendant Verde Pharmacy & Medical Supply LLC**, Plaintiff's counsel and Defendants' counsel must file a joint report of their proposals – agreed as much as possible – for revised pretrial deadlines for this case going forward.

The Court also determines, under the circumstances, that it is appropriate to administratively close this case at this time. Any case over three years old is considered an "old" case by the Administrative Office and is put on a national report. The age of a case continues to accrue unless it is administratively closed, which tolls the time with the case's age. The Court administratively closes this case and instructs the Clerk of the Court to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of this case – this case remains pending, and this administrative closure is an entirely ministerial matter. And the Court will administratively reopen the case on **the earlier of (1) the date of the entry of an appearance of new counsel for Defendant Verde Pharmacy & Medical Supply LLC or (2) Friday, February 18, 2022**.

Finally, the Court directs that any attorney or any party who is proceeding pro

se who changes the attorney's or party's business address or mailing address, e-mail address, telephone number, facsimile number, or name must promptly notify the Clerk of the Court and the Court in writing. If the attorney or party is a registered user of Electronic Case Files ("ECF"), the attorney or party must, in addition to notifying the Court in writing, promptly follow the procedures in the ECF Administrative Procedures Manual to update the changed address, e-mail address, telephone number, facsimile number, or name.

SO ORDERED.

DATED: January 14, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-10-