IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHARMA FUNDING LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:20-cv-1731-N-BN |
| § | |
| VERDE PHARMACY & MEDICAL § | |
| SUPPLY LLC and OSARU OKORO, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendants' counsel Shayan Elahi filed a Motion to Withdraw as Counsel of Record for Defendants Verde Pharmacy LLC and Osaru Okoro. *See* Dkt. No. 32. The Court entered the following order setting a hearing and directing service by Defendants' counsel on Defendant Osaru Okoro:

> ELECTRONIC ORDER: A hearing on [32] Defendants' counsel's Motion to Withdraw as Counsel of Record for Defendants Verde Pharmacy LLC and Osaru Okoro is set for Monday, January 10, 2022, at 2:00 p.m., Central Standard Time, in Courtroom 1561, 15th Floor, 1100 Commerce Street, Dallas, Texas 75242. Plaintiff's counsel, Defendants' counsel, and Defendant Osaru Okoro must appear in person at the hearing. Defendants' counsel must, by Monday, December 27, 2021, cause a copy of this Electronic Order to be served on Defendant Osaru Okoro and then file a certificate of service. (Ordered by Magistrate Judge David L. Horan on 12/22/2021) (mcrd) (Entered: 12/22/2021)

Dkt. No. 36.

The Court held a hearing on January 10, 2022 and ordered that Plaintiff's counsel, Defendants' counsel, and Defendant Osaru Okoro must appear in person.

-1-

*See* Dkt. No. 36. Plaintiff's local counsel and Defendant Osaru Okoro appeared in person for the hearing on January 10, 2021, and, with the Court's permission, Plaintiff's out-of-state counsel appeared by phone. But Defendants' counsel did not appear as ordered due to a calendaring error. *See* Dkt. No. 37.

The Court reset the hearing to January 14, 2022 at 10:00 a.m. over Zoom and again required that Plaintiff's counsel, Defendants' counsel, and Defendant Osaru Okoro must personally appear (over Zoom) for the hearing. *See* Dkt. No. 38. Plaintiff's counsel, Defendants' counsel, and Defendant Osaru Okoro appeared over Zoom as ordered. Part of the hearing was conducted ex parte and in camera between the Court and only Defendants' counsel and Defendant Osaru Okoro, to protect Defendants' attorney-client privilege and work product protections.

For the reasons that Defendants' counsel explained during the Zoom hearing, and without opposition from Plaintiff or Mr. Okoro after the ex parte and in camera discussion with the Court, Mr. Okoro, and Defendants' counsel, the Court found the required good cause to permit Defendants' counsel leave to withdraw and found that withdrawal is appropriate even considering the extent to which Defendants' counsel's withdrawal will delay or disrupt the case and the length of time for which the case and Defendants' own dispositive motion has been pending.

Accordingly, the Court granted the Motion to Withdraw as Counsel of Record for Defendants Verde Pharmacy LLC and Osaru Okoro [Dkt. No. 32] and granted leave for Defendants' counsel Shayan Elahi and his firm to withdraw as counsel for

Defendants Verde Pharmacy & Medical Supply LLC and Osaru Okoro in this case, effective immediately. *See* Dkt. No. 41 at 6-7.

The Court then explained:

> As an individual, Defendant Osaru Okoro is permitted to proceed pro se in this action and will do so going forward unless and until new counsel of record makes an appearance on his behalf. *See* 28 U.S.C. § 1654.
>
> But Defendant Verde Pharmacy & Medical Supply LLC's counsel's withdrawal from this litigation has other implications for this case's progress going forward. Defendant Verde Pharmacy & Medical Supply LLC reportedly is a limited liability company, see Dkt. No. 1 at 2, and, insofar as it is neither an individual nor a sole proprietorship, this defendant is not permitted to proceed pro se or through a non-attorney but rather must be represented by an attorney in litigation in federal court, *see M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010). "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). This applies to limited liability companies.
>
> Accordingly, the Court ORDERS that Defendant Verde Pharmacy & Medical Supply LLC must cause new counsel to enter an appearance on its behalf in this case by no later than **Friday, February 18, 2022**. And Defendant Verde Pharmacy & Medical Supply LLC is warned that a failure to hire counsel to represent it by this deadline may result in appropriate measures, including possibly striking its defenses and entering a default judgment against it. *See Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-cv-2950-N, 2014 WL 6901201 (N.D. Tex. Dec. 8, 2014); *Adonai Communications, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997). Ultimately, "the appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).
>
> As the Court explained during the Zoom hearing, the Court will also abate all pretrial deadlines in this case during this time period in which Mr. Okoro is seeking new counsel to represent both defendants and order that, **15 days after the entry of an appearance of new**

> **counsel for Defendant Verde Pharmacy & Medical Supply LLC**, Plaintiff's counsel and Defendants' counsel must file a joint report of their proposals – agreed as much as possible – for revised pretrial deadlines for this case going forward.
>
> The Court also determines, under the circumstances, that it is appropriate to administratively close this case at this time. Any case over three years old is considered an "old" case by the Administrative Office and is put on a national report. The age of a case continues to accrue unless it is administratively closed, which tolls the time with the case's age. The Court administratively closes this case and instructs the Clerk of the Court to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of this case – this case remains pending, and this administrative closure is an entirely ministerial matter. And the Court will administratively reopen the case on **the earlier of (1) the date of the entry of an appearance of new counsel for Defendant Verde Pharmacy & Medical Supply LLC or (2) Friday, February 18, 2022**.

Dkt. No. 41 at 7-9.

Mr. Okoro then filed a motion for extension of time, which the Court granted in part:

> ELECTRONIC ORDER granting [44] motion for extension of time. The Court has explained that Defendant Osaru Okoro is permitted to proceed pro se in this action and will do so going forward unless and until new counsel of record makes an appearance on his behalf, but the Court ordered that Defendant Verde Pharmacy & Medical Supply LLC must cause new counsel to enter an appearance on its behalf in this case by no later than Friday, February 18, 2022 and warned that a failure to hire counsel to represent it by this deadline may result in appropriate measures, including possibly striking its defenses and entering a default judgment against it. See Dkt. No. 41. Defendant Osaru Okoro, on his own behalf and on behalf of Defendant Verde Pharmacy & Medical Supply LLC, has filed a motion asking for more time to find a lawyer/law firm that he can afford. The Court will grant Defendant Verde Pharmacy & Medical Supply LLC until March 9, 2022 to cause new counsel to enter an appearance on its behalf in this case. But, after that date, if no new lawyer has appeared, Defendant Osaru Okoro will proceed pro se, and the undersigned will make appropriate recommendations to United States District Judge David C. Godbey regarding appropriate measures

-4-

> for the Court to take as to Defendant Verde Pharmacy & Medical Supply LLC, including possibly striking its defenses and entering a default judgment against it. (Ordered by Magistrate Judge David L. Horan on 3/2/2022.) (Entered: 03/02/2022)

Dkt. No. 45.

New counsel has still not appeared for Defendant Verde Pharmacy & Medical Supply LLC.

As the Court previously explained, *see* Dkt. No. 41, "the appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary," *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). When a corporation or limited liability company declines or fails to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel). Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant

was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Defendant Verde Pharmacy & Medical Supply LLC cannot continue to proceed unrepresented by counsel in this case. The undersigned has considered the imposition of alternate sanctions short of entering a default – where Defendant Verde Pharmacy & Medical Supply LLC has not filed an answer that could be stricken. But, considering all the circumstances, including the bases on which Defendant Verde Pharmacy & Medical Supply LLC's counsel sought and was granted leave to withdraw, the undersigned finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

**Recommendation**

The undersigned recommends that:

(1) the Court order that Defendant Verde Pharmacy & Medical Supply LLC is in default;

(2) the Court direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against Defendant Verde Pharmacy & Medical Supply LLC; and

(3) the Court order that Plaintiff move, by no later than a date 30 days from the date of entry of any order adopting this recommendation, for default judgment against

Defendant Verde Pharmacy & Medical Supply LLC for failure to appear by and through counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 14, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE